Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ALESSANDRO BRUNO,

           *Plaintiff*,

-against-

MICHELE IULIANO a/k/a MICHELE LULIANO or MICHELE JULIANO or MICHELLE, ANISA MOLONEY a/k/a Anisa Maloney, CRESCENT ST PIZZERIA INC., ROBERT ROSANO and ALFONSO GAROFALO.

           *Defendants*.

---------------------------------------------------------X

**COMPLAINT**
**JURY TRIAL DEMANDED**
Case No.: 22-cv-7908

ALESSANDRO BRUNO ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., and as against Michele Iuliano A/K/A Michele Luliano Or Michele Juliano Or Michelle, Anisa Moloney A/K/A Anisa Maloney, Crescent St Pizzeria Inc., Robert Rosano And Alfonso Garofalo (collectively, "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1.    Plaintiff is a former employee of a restaurant owned and operated by the Defendants MICHELE IULIANO, ANISA MALONEY, CRESCENT ST PIZZERIA INC., ROBERT ROSANO and ALFONSO GAROFALO at 42-60 Crescent St., Long Island City, NY 11101 called Luzzo's Neapolitan Pizza LIC.

2.    Defendants MICHELE IULIANO and ANISA MALONEY are husband and wife who own and operate the pizzeria at 42-60 Crescent Street, Long Island City, NY 11101 along with several other pizzerias in NYC. They are the individuals who directly profited and benefited

1

from the wage theft alleged in this lawsuit. They directly controlled Plaintiff's employment themselves and also controlled Plaintiff's conditions of employment through their agents such as Defendants ROBERT ROSANO and ALFONSO GAROFALO.

3. Plaintiff was employed by Defendants as a waiter and general laborer.

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours he worked each week.

5. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and minimum and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

7. This action would also arise under diversity jurisdiction because Plaintiff resides in Florida while all other parties reside in New York. The amount in controversy is well above $75,000.00.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. Plaintiff ALESSANDRO BRUNO ("Plaintiff BRUNO") is an adult individual residing in Florida. Plaintiff BRUNO was employed by Defendants at Luzzo's Neapolitan Pizza LIC from October 2018 until approximately November 2021.

10. CRESCENT ST PIZZERIA INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 42-60 Crescent St., Long Island City, NY 11101

11. Defendant MICHELE IULIANO is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant MICHELE IULIANO is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

12. Defendant MICHELE IULIANO possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

13. Defendant MICHELE IULIANO is the owner of CRESCENT ST PIZZERIA INC. and the president of the corporation.

14. Defendant MICHELE IULIANO had the power to hire and fire employees at LUZZO'S NEAPOLITAN PIZZA LIC, including Plaintiff.

15. Defendant MICHELE IULIANO had the final word on all business decisions at LUZZO'S NEAPOLITAN PIZZA LIC including which contracts to enter into on behalf of the business.

16. Defendant MICHELE IULIANO directed Plaintiff in his daily tasks, typically by telephone and by text messages, including when and where to arrive to work, where to pick up supplies, to monitor the business for any given day in the LIC location, to check inventory and to assign tasks to Plaintiff.

17. Defendant MICHELE IULIANO reviewed and controlled the financial records at CRESCENT ST PIZZERIA INC. including payroll records and documents recording Plaintiff's wages and hours worked.

18. Defendant MICHELE IULIANO implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating his rights under federal and state labor laws.

19. Defendant ANISA MOLONEY is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant ANISA MALONEY is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

20. Defendant ANISA MOLONEY possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

21. Defendant ANISA MOLONEY is an owner of CRESCENT ST PIZZERIA INC.

22. Defendant ANISA MOLONEY had the power to hire and fire employees, supervised the hiring and firing of employees and dictated other terms of their employment at CRESCENT ST PIZZERIA INC.

23. Defendant ANISA MOLONEY issued payment to Plaintiff.

24. Defendant ANISA MOLONEY implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating his rights under federal and state labor laws

25. Defendant ANISA MOLONEY supervised Plaintiff on a regular basis at work.

26. Defendant ANISA MOLONEY had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of Luzzo's Neapolitan Pizza LIC and in fact did so.

27. Defendant ANISA MOLONEY actively hired and fired of employees.

28. Defendant ANISA MOLONEY established and monitored Plaintiff's work schedule.

29. Defendant ANISA MOLONEY signed off on paychecks issued to Plaintiff.

30. Defendant ANISA MOLONEY determined the rates of pay of employees and dictated other terms of their employment at CRESCENT ST PIZZERIA INC..

31. Defendant ROBERT ROSANO is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant ROBERT ROSANO is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

32. Defendant ROBERT ROSANO possesses or possessed operational control over Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

33. Defendant ROBERT ROSANO had the power to hire and fire employees at LUZZO'S NEAPOLITAN PIZZA LIC, including Plaintiff.

34. Defendant ROBERT ROSANO reviewed and controlled the financial records at CRESCENT ST PIZZERIA INC. including payroll records and documents recording Plaintiff's wages and hours worked.

35. Defendant ROBERT ROSANO was in charge of paying employees including Plaintiff at LUZZO'S NEAPOLITAN PIZZA LIC.

36. Defendant ROBERT ROSANO served as the bookkeeper for Defendants and was fully aware that Plaintiff, and other employees, were not being paid for their overtime and that tips were being misappropriated. As the bookkeeper, Defendant ROBERT ROSANO willfully and maliciously implemented and maintained these practices for the benefit of the Defendants.

37. Defendant ROBERT ROSANO visited the restaurant at least two times a week to issue payments to Plaintiff and other employees. Those payments were in check as well as payments in cash.

38. Defendant ROBERT ROSANO paid Plaintiff in cash in order to hide a paper trail that would otherwise document the wage theft practices implemented by himself, Defendant MICHELE IULIANO and Defendant ANISA MALONEY.

39. Defendant ALFONSO GAROFALO was the general manager and employee at the LUZZO'S LIC location and obeyed the unlawfully pay practices implemented by Defendants MICHELE IULIANO and ANISA MALONEY in his management practices and policies, all of which were set and explicitly monitored by Defendants MICHELE IULIANO and ANISA MALONEY.

40. Defendant ALFONSO GAROFOLO had the power to hire and fire Plaintiff.

41. Defendant ALFONSO GAROFOLO set and determined Plaintiff's hours, alongside Defendants MICHELE IULIANO and ANISA MALONEY.

## FACTUAL ALLEGATIONS

42. Defendants are associated and joint employers, act in the interest of each other.

43. Defendants share common operations and acted jointly in the operation of Luzzo's Neapolitan Pizza LIC.

44. Each Defendant possessed substantial control over Plaintiff's working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

45. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

46. In the alternative, Defendants constitute a single employer of Plaintiff.

47. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

48. In each year from 2018 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

49. Defendants were each experienced business owners in the hospitality industry and had full knowledge of the pay and notice requirements under federal and state law.

50. Defendants failed to honor the requirements of federal and state law willfully and maliciously as to the manner in which they paid Plaintiff.

51. Defendants willfully and maliciously violated the minimum wage and overtime laws by paying in personal checks and cash in order to hide evidence of their wage theft practices.

52. Defendant MICHELE IULIANO and ANISA MALONEY directed ROBERT ROSANO and ALFONSO GAROFALO to pay sub-standard wages to Plaintiff and other employees and to misappropriate gratuities as a practice.

53. Defendants threatened and intimidated Plaintiff and any other employees who complained about the wage violations as a policy and practice to discourage opposition.

54. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at both Luzzo's Neapolitan Pizza LIC, such as pizza, wine, vegetables, flour, eggs, milk, meats, and beverages, cleaning supplies, were produced outside the State of New York.

55. Likewise, Plaintiff was individual engaged in interstate commerce. Plaintiff BRUNO regularly processed credit card sales at the counter and over the phone for the Defendants.

56. Defendants employed more than 11 employees at all relevant times.

*Plaintiff ALESSANDRO BRUNO*

57. Plaintiff BRUNO was employed by Defendants at Luzzo's Neapolitan Pizza LIC from October 2018 until approximately November 2021.

58. Throughout his employment with defendants, Plaintiff BRUNO was employed at Luzzo's Neapolitan Pizza LIC as a server, runner, bus person, clerk and general laborer. Defendants sometimes sent Plaintiff to work shifts at other locations owned and controlled by Defendant MICHELE IULIANO, ANISA MALONEY and ROBERT ROSANO including a Luzzo's branch restaurant on 1st Ave Manhattan and Gnocherria in the East Village.

59. Plaintiff BRUNO's work duties required neither discretion nor independent judgment.

60. Plaintiff BRUNO was closely supervised and directed by Defendants in the scope of his tasks.

61. Plaintiff BRUNO regularly worked in excess of 40 hours per week.

62. From approximately October 2018 until April 2019, Plaintiff typically worked six (6) days per week as a runner at the following scheduling for no pay other than tips left by customers:

    i. Monday – 11:00 A.M. to 10:00 P.M. and 11:00 P.M.

    ii. Tuesday - 11:00 A.M. to 10:00 P.M. and 11:00 P.M.

    iii. Wednesday – Typical Day Off.

    iv. Thursday - 11:00 A.M. to 10:00 P.M. and 11:00 P.M.

    v. Friday - 11:00 A.M. to 11:00 P.M. and 12:00 A.M.

    vi. Saturday - 11:00 A.M. to 11:00 P.M. and 12:00 A.M.

    vii. Sunday - 11:00 A.M. to 10:00 P.M.

63. The Defendants did not pay Plaintiff 'house pay' as a willful and malicious probationary hazing period between October 2018 and approximately April 2019 and solely allowed him to keep most of the tips left for him by customers.

64. From approximately April 2019 until late November 2021, Plaintiff typically worked six (6) days per week as a server or an inventory clerk at the following scheduling for $10.00 per hour with no premium for his overtime hours:

    i. Monday – 11:00 A.M. to 10:00 P.M. and 11:00 P.M.

    ii. Tuesday - 11:00 A.M. to 10:00 P.M. and 11:00 P.M.

    iii. Wednesday – Typical Day Off.

    iv. Thursday - 11:00 A.M. to 10:00 P.M. and 11:00 P.M.

  v. Friday - 11:00 A.M. to 11:00 P.M. and 12:00 A.M.

  vi. Saturday - 11:00 A.M. to 11:00 P.M. and 12:00 A.M.

  vii. Sunday - 11:00 A.M. to 10:00 P.M.

65. Defendants paid Plaintiff $10.00 per hour with no premium for his overtime between April 2019 and the end of his employ in late November 2021. The Defendants paid Plaintiff in a mixture of company checks, personal checks and cash in order to hide their wage theft and in an attempt to thwart the Plaintiff from vindicating his rights under federal and state labor laws.

66. Plaintiff did have breaks in his employment. He took a four to five week break in November 2020, three weeks in July 2021 and ten days in October 2021.

67. Defendants were closed on Thanksgiving and Christmas holidays.

68. Defendants at all relevant times failed to honor all of the requirements necessary to apply the tip credit to Plaintiff's wages.

69. Defendant failed to give proper written notice or any proper notice that the Defendants intended to diminish his wages based on his receipt of tips.

70. Defendants routinely required Plaintiff to spend more than 20% of his shift time or two hours within a day, performing non-tipped duties such as counting inventory, travelling to other restaurant locations to obtain supplies for the day, storing supplies, cleaning, helping with food prep and other items in the restaurant, stocking inventory and supplies delivered by vendors, moving wine into storage, and more.

71. Defendants never provided Plaintiff BRUNO with each payment of wages a proper statement of wages, as required by NYLL 195(3).

72. Defendants never provided Plaintiff BRUNO, a proper notice in English and in

10

Spanish (Plaintiff BRUNO's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

73. Defendant never issued Plaintiff spread of hours payments for shifts when Plaintiff worked over ten (10) hours in a 24 hour period.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

74. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

76. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

78. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

79. At all times relevant to this action, Defendants were Plaintiff BRUNO'S employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff BRUNO, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

80. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

81. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

82. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

83. Defendants' failure to pay Plaintiff BRUNO at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

84. Plaintiff BRUNO was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

85. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

86. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

87. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

88. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

89. Plaintiff BRUNO repeats and realleges all paragraphs above as though fully set forth herein.

90. At all times relevant to this action, Defendants were Plaintiff BRUNO's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

91. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff BRUNO less than the minimum wage.

92. Defendants' failure to pay Plaintiff BRUNO the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

93. Plaintiff BRUNO was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

94. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

95. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

96. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

97. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

98. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

99. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

101. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

102. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

103. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and

attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime and minimum wage provisions of and associated rules and regulations under the FLSA and NYLL as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of and associated rules and regulations under the FLSA and NYLL with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime and minimum wage provisions of and rules and orders promulgated under the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

  (h) Declaring that Defendants' violations of the New York Labor Law were willful and not in good faith as to Plaintiff;

  (i) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages under the NYLL as applicable;

  (j) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

  (k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime and minimum wage compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

  (l) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

  (m) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

  (n) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

  (o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

  (p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
   December 28, 2022

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*